NOT FOR PUBLICATION                                              (Doc. Nos. 26, 32)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| HUSCHEL B. STORY, | : |
| Plaintiff, | : Civil No. 11-5340 (RBK/JS) |
| v. | : **OPINION** |
| OFFICER M. BRAXTON and OFFICER FRANK TIMEX, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on two motions filed by Huschel B. Story ("Plaintiff"). First, Plaintiff has moved for leave to amend his complaint to assert claims against the Atlantic City Police Department (Doc. No. 26). Second, he has filed a Rule 60(b) motion for relief from this Court's Order of September 27, 2012, which dismissed with prejudice his claims against the Atlantic City Police Department.[1]  For the reasons expressed in this Opinion, Plaintiff's motions will be **DENIED**.

**I.    BACKGROUND**

This cases arises out of events that took place in Atlantic City, New Jersey, on the night of June 11-12, 2011. Cert. of Joseph C. Grassi, Ex. A, ¶ 11.[2]  An Atlantic City police officer,

---

[1] The Court observes that Plaintiff has indicated that his brief in support of his Rule 60(b) motion should have been filed as a supplemental brief in support of his motion to amend. See ECF Doc. No. 33. It is unclear whether Plaintiff means that the request for Rule 60(b) relief should not have been a separate motion. However, the Court discusses the Rule 60(b) issue as its own motion. Under L. Civ. R. 7.1(d)(6), Plaintiff would have been required to obtain permission of the Court before filing a sur-reply brief in connection with the motion seeking leave to amend.
[2] Because the complaint in this matter is limited with respect to the factual background, this section makes reference to Plaintiff's proposed amended complaint, although for the reasons expressed in this Opinion, the Court will deny Plaintiff's motion to file the amended complaint.

Michael Braxton, attempted to detain Plaintiff, when Plaintiff fled and was pursued by Braxton. Id. ¶ 12; Compl. at 3. Braxton eventually caught Plaintiff and brought him to the ground. Plaintiff alleges that Braxton beat him with his fists, hands, and a hard object, and also kicked Plaintiff, even after he was on the ground. Cert. of Joseph C. Grassi, Ex. A, ¶¶ 13-14. Subsequently, additional officers arrived at the scene, including Officer Frank Timek,[3] a police K-9 handler, who Plaintiff alleges ordered his dog to attack Plaintiff after he was already subdued, resulting in the police dog biting Plaintiff on the left arm. Id. ¶¶ 17-19.

Plaintiff filed this suit pro se, naming the Atlantic City Police Department and Officers Braxton and Timek as defendants. After the initial screening of the Complaint, this Court granted Plaintiff's application to proceed in forma pauperis. The Court allowed Plaintiff's excessive force claims against Officers Braxton and Timek to proceed, but dismissed all other claims and defendants with prejudice, pursuant to its duty under 28 U.S.C. § 1915(e)(2), to dismiss in forma pauperis actions that fail to state a claim. See Opin. of Sept. 27, 2012 (ECF Doc. No. 7). After Plaintiff's application for pro bono counsel was granted, Joseph C. Grassi entered an appearance on behalf of Plaintiff on May 10, 2013. Plaintiff, now represented by counsel, has filed the instant motions.

## II.   DISCUSSION

### A. Amendment

In its Opinion of September 27, 2012, the Court found that Plaintiff alleged no facts indicating that any policy or practice of the Atlantic City Police Department caused the circumstances of his arrest. Opinion of Sept. 27, 2012, at 8. The Court found that such a "policy or custom" by municipal lawmakers or those who set official policy is required in order for

---

[3] Timek is evidently improperly pled in the Complaint as "Officer Frank Timex."

2

liability to attach to a municipality.  Id. at 6-7 (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91, 694 (1978)).  Because no facts in Plaintiff's complaint even suggested that any such policy or custom existed, the claims against the police department were dismissed with prejudice.  Id. at 8.

Plaintiff argues that he should have been given leave to amend his Complaint before it was dismissed, because it would not have been inequitable or futile for him to amend his pleading.  Pl. Mot. Amend at 3-4 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).  Defendants disagree with this assertion, arguing that the Court already undertook such an analysis and determined that amendment would be futile, and that the proposed amendment is not the remedy of any deficiencies in the original complaint, but rather a new, entirely different legal theory.

It is not necessary to analyze the futility of amendment or lack thereof, because doing so would amount to this Court deciding an appeal of its own final order.  When a district court dismisses a claim or party "with prejudice," that phrase indicates the court's "determination that it 'thought an amendment' was not possible; by using this phrase, the 'district judges expressly state . . . that the plaintiff' does not 'ha[ve] leave to amend.'"  United States v. Union Corp., 194 F.R.D. 223, 236 (E.D. Pa. 2000) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (emphasis in original)).  Thus, the dismissal with prejudice constituted a final order of this Court.  See Tish v. Magee-Women's Hosp. of Univ. of Pittsburgh Med. Ctr., Civ. No. 06-820, 2007 WL 1221137, at *5 (W.D. Pa. Apr. 24, 2007) ("the dismissal of a claim with prejudice is a final and appealable order in this circuit.") (citing Manze v. State Farm Ins. Co., 817 F.2d 1062, 1064 (3d Cir. 1987)).  If a party believes that a legal error has been committed, a final order may be challenged on appeal, or through a motion for reconsideration, which must be filed

within 14 days of entry of the order on the original motion.  See L. Civ. R. 7.1(i).  A final order may also be challenged using a Rule 60(b) motion, which is discussed in the next section of this Opinion.  However, such an order may not be challenged through a motion requesting leave to do that which the Court expressly indicated it could not do pursuant to its original order.  Therefore, Plaintiff's motion for leave to amend must be denied.

### B.  Rule 60(b) Motion

Plaintiff also moves for relief under Federal Rule of Civil Procedure 60(b) from the Order dismissing his Monell claim with prejudice, because he argues that he was entitled to an opportunity to amend his complaint.  Rule 60(b) provides as follows:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60 further provides with respect to timing that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

The Court first observes that it appears Plaintiff asserts a legal error as the basis for his Rule 60(b) motion. The Third Circuit has found that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (citing Martinez-McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)). Thus, if the thrust of Plaintiff's argument is that the Court made a legal error in not granting leave to amend, Rule 60(b) would not be implicated at all, as "legal error can usually be corrected on appeal." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). Where legal error is coupled with "extraordinary, and special circumstances," Rule 60(b)(6) may be applicable. Id. Although Plaintiff has asserted that extraordinary circumstances exist, he has not identified any such circumstances other than the alleged error by this Court in dismissing the Monell claims with prejudice. To the extent that Plaintiff suggests that his pro se status at the time of the Order's issuance constitutes an extraordinary circumstance, the Court does not agree. Plaintiff has cited no law indicating that this is the case, and courts have held that pro se status is not an extraordinary circumstance. See Provident Sav. Bank v. Popovich, 71 F.3d 696, 700 (7th Cir. 1995) (party's "pro se status is simply not an extraordinary circumstance justifying relief under Rule 60(b)(3) or (6)"); Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir. 1986) (pro se status, limited education, and ignorance of legal rights by an incarcerated individual did not justify 60(b)(6) relief); Lehmann v. New Jersey Dep't of Corrections, Civ. No. 07-5964, 2012 WL 2344879, at *2 (D.N.J. June 20, 2012) (incarcerated pro se litigant denied 60(b)(6) relief from dismissal related to the failure to prosecute his case).

Further, Plaintiff indicates that his Rule 60(b) motion is being asserted under 60(b)(6), which allows the motion to be granted for "any other reason that justifies relief." Pl. Mot. at 1.

However, the substance of Plaintiff's motion reveals that he is asserting some type of error on the part of the Court, which would fall under Rule 60(b)(1), if it is cognizable at all under Rule 60(b).  Motions brought under Rule 60(b)(1) must be brought within one year after the entry of the order relief is sought from.  Rule 60(b)(6) is only intended to be used "when the relief sought is based upon 'any other reason' than a reason which would warrant relief under 60(b)(1-5)." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

Although Plaintiff's motion is presented as one for relief under Rule 60(b)(6), "it is 'the function of a motion, and not the motion's caption, [that] dictates which Rule applies.'"  DaPonte v. Barnegat Twp. School Dist., Civ. No. 12-4016, 2013 WL 4045835, at *4 (quoting Howard Johnson Int'l, Inc. v. Cupola Enters., LLC, Civ. No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006)).  In other words, "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented."  Stradley, 518 F.2d at 493.  Mistakes "of a substantive nature," such as the one that Plaintiff argues was made upon the entry of the September 27, 2012 Order, are governed by Rule 60(b)(1), and not by 60(b)(6).  Id.  The Court has no discretion to waive the one-year time limit for filing a motion to correct an alleged mistake made by the Court, and thus Plaintiff's 60(b) motion must be denied.

### III.    CONCLUSION

For the reasons expressed herein, Plaintiffs motion for leave to amend his complaint, and his motion for relief from a final judgment will be **DENIED**.  An accompanying Order shall issue.


Dated: 2/19/2014                                               /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER

6

United States District Judge